IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MIGUEL CARO                                                                                    PLAINTIFF

v.                                     4:22-cv-00754-BSM-JJV

JENNIFER KEENER, Jail Administrator,
Yell County Detention Center; and
JOHN/JANE DOE, Unknown Doctor                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

While he was in the Yell County Detention Center, Miguel Caro ("Plaintiff") filed, *pro se*, a letter and several addendums that appear to be a Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Docs. 1, 3, 4, 5, 7.) Construing Plaintiff's letters together, it appears he is claiming Defendants Jail Administrator Jennifer Keener and John/Jane Doe (an unknown doctor) failed to provide him with constitutionally adequate medical care for high blood pressure and chest pains while he was in the Yell County Detention Center. Plaintiff was released from custody on or about September 29, 2022, and now lives at a private address. (Doc. 12.) After careful

consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, the Eighth Amendment requires jail and prison officials to provide those in their custody with needed medical care. *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). To plead a plausible inadequate medical care claim, Plaintiff must provide facts suggesting: (1) he had an objectively serious need for medical care; and (2) the Defendants subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). Deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must facts suggesting the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original).

Plaintiff has not clarified whether he is suing Defendants Doe and Keener in their personal capacities, official capacities, or both. In such circumstances, the complaint must be construed as raising official capacity claims only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Official capacity claims "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Yell County cannot be held vicariously liable for Defendants' actions in a § 1983 lawsuit. *See Id.* Instead, Yell County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

(8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Because he has not raised any such facts, Plaintiff has not pled a plausible official capacity claim.

As to the personal capacity claims, Plaintiff's letters are basically a log of when and who took his blood pressure readings from August 16, 2022 to September 10, 2022. The lowest reading is 122/89, the highest is 154/96, and most top readings are in the 130-140's. Plaintiff says Jail Administrator Keener sometimes did not let him know his blood pressure readings, she refused to sign his log, and the blood pressure machine did not work properly. But he has not explained how any of these matters resulted in him receiving inadequate medical care. *See Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020) (to establish standing to bring a lawsuit, "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision"). Plaintiff concedes jailers checked his blood pressure multiple times a day and that he was taking Diltiazem for his high blood pressure. However, Plaintiff says he quit taking the medication on August 29, 2022, because it made him feel "uncomfortable and my head feel like something was wrong." (Doc. 5 at 1.) Plaintiff's admitted failure to cooperate with treatment does not help his cause. *See Beck v. Skon*, 253 F.3d 330, 333-34 (8th Cir. 2001). Finally, in his last letter, Plaintiff says that on September 10, 2022, he learned that he was scheduled to see a cardiologist. (Doc. 7 at 3.) In sum, the facts as pled do not establish deliberate indifference. Instead, it appears Plaintiff had his blood pressure regularly checked, received medication that he stopped taking, and was referred to a cardiologist. Plaintiff's mere disagreement with that course of medical care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Barr*, 909 F.3d at 921-22. And Plaintiff has not explained how he was harmed by any delay in receiving care. *See Redmond v. Kosinski*, 999 F.3d 1116, 11121 (8th Cir. 2021); *see also Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896

(8th Cir. 2020) (to establish standing to bring a lawsuit "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision"). Thus, even if Plaintiff had sued Defendants in their personal capacities, he would have not pled any plausible claims against them.

Finally and importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty (30) days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not timely do so. (Doc. 8.) The copy of that Order that was mailed to the Yell County Detention Center was returned undelivered because Plaintiff had been released from custody. (Doc. 11.) Thereafter, on September 29, 2022, the Clerk mailed another copy of the Order to Plaintiff at his provided home address. And, it has not been returned undelivered. Thus, the time for Plaintiff to amend his Complaint to plead a plausible claim for relief has expired.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not

---

[2] I previously advised Plaintiff of the three strikes rule found in §1915(g). (Doc. 2.) In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit held a strike cannot be assessed at the time of dismissal. Instead the court deciding whether the prisoner is entitled to proceed *in forma pauperis* in a future proceeding must make that determination.

be taken in good faith.

    DATED this 4th day of November 2022.


                                       _____
                                       JOE J. VOLPE
                                       UNITED STATES MAGISTRATE JUDGE